UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON GAY,<br><br>          Plaintiff,<br><br>     v.<br><br>PACIFIC STEEL GROUP,<br><br>          Defendant. | Case No. 20-cv-08442-HSG<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 17 |

Plaintiffs Brandon Gay and Israel Berber filed this putative wage-and-hour class action in California state court. Dkt. No. 1. Defendant removed the action to federal court based on federal preemption under § 301 of the Labor Management Relations Act of 1974 ("LMRA"), 29 U.S.C. § 185. *Id.* Plaintiffs now seek to remand the action back to state court. Dkt. No. 17 ("Mot."). For the following reasons, the Court **DENIES** the motion to remand.

**I.   LEGAL STANDARD**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed" to federal court. 28 U.S.C. § 1441(a).

Under § 301 of the LMRA, "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States." 29 U.S.C. § 185(a). As reaffirmed by the Ninth Circuit, the Supreme Court has interpreted the LMRA to authorize federal courts "to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1155 (9th Cir. 2019) (citations omitted). "A state rule that purports to define the meaning or scope of a term in a contract suit therefore is pre-empted by federal labor law." *Id.* at 1152 (quoting *Allis-Chalmers*

*Corp. v. Lueck*, 471 U.S. 202, 210 (1985)).  Although federal preemption is a defense that does not generally authorize removal to federal court, the Supreme Court has held that § 301 has such "extraordinary pre-emptive power" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987).

However, § 301 "cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Curtis*, 913 F.3d at 1152 (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994)).  Further, "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is preempted by § 301 or other provisions of federal labor law." *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1009 (9th Cir. 2018) (quoting *Lueck*, 471 U.S. at 211).  Claims which have no relationship to a collective-bargaining agreement "beyond the fact that they are asserted by an individual covered by such an agreement are simply not pre-empted by § 301." *Id.* (citation and quotations omitted).

The Ninth Circuit has employed a two-step test to ensure that § 301 preemption "extends only as far as necessary to protect the role of labor arbitration in resolving CBA disputes." *Curtis*, 913 F.3d at 1153 (citation and quotations omitted).  First, the court asks whether the asserted cause of action involves a "right [that] exists solely as a result of the CBA." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007).  "If the right exists solely as a result of the CBA, then the claim is preempted, and our analysis ends there." *Id.* (citing *Lueck*, 471 U.S. at 210).  If not, the court proceeds to the second step and asks "'whether a plaintiff's state law right is substantially dependent on analysis of [the CBA],' which turns on whether the claim cannot be resolved by simply 'look[ing] to' versus 'interpreting' the CBA." *Curtis*, 913 F.3d at 1153 (citations and quotations omitted and alterations in original).  Interpretation is construed narrowly in this context. *Id.*  If claims are dependent on interpretation of the CBA, then the claim is preempted by § 301; if not, the claim may proceed under state law. *Burnside*, 491 F.3d at 1059–60.

**II.   DISCUSSION**

Plaintiff alleges the following causes of action: (1) unpaid overtime (violation of California

2

Labor Code §§ 510 and 1198); (2) unpaid meal period premiums (violation of California Labor Code §§ 226.7 and 512(a)); (3) unpaid rest period premiums (violation of California Labor Code § 226.7); (4) unpaid minimum wages (violation of California Labor Code §§ 1194, 1197, and 1197.1); (5) final wages not timely paid (violation of California Labor Code §§ 201 and 202); (6) wages not timely paid during employment (violation of California Labor Code § 204); (7) non-compliant wage statements (violation of California Labor Code § 226(a)); (8) failure to keep requisite payroll records (violation of California Labor Code § 1174(d)); (9) unreimbursed business expenses (violation of California Labor Code §§ 2800 and 2802); and (10) violation of California Business & Professions Code §§ 17200 et seq. Dkt. No. 1 at ECF 13.

Plaintiffs initially argued that the case should be remanded because Defendant failed to "provide any evidence of Plaintiffs' or the putative class members' membership in a union." Mot. at 4. In the declaration attached to its opposition, Defendant provided extensive excerpts from the collective bargaining agreement ("CBA") that it argues governed the employment relationship with Plaintiffs as well as reports which show Plaintiffs as active members of the relevant union. Dkt. No. 18-1. In their reply, Plaintiffs appear to have abandoned their argument that Defendant failed to provide evidence of the CBA. *See* Dkt. No. 19 ("Reply").[1]  In any event, Plaintiffs do not dispute the existence of the CBA, and it does not appear that they could do so in good faith.

In opposing remand, Defendant refers to the provisions of the CBA that govern wages, overtime wages, meal periods, rest periods, reimbursement of certain employee expenses, and dispute resolution. Dkt. No. 18 ("Opp.") at 3-4. Defendant argues that the Court cannot adjudicate Plaintiffs' claims without interpreting several separate provisions of the CBA, such that Plaintiffs' claims are preempted. *Id.* at 7. The Court agrees.

First, the Court notes that it will be required to determine whether the Plaintiffs' claims are exempted from the relevant California overtime, meal period, and rest period statutory

---

[1] While Plaintiffs filed a series of evidentiary objections to the declaration in a separate document, Dkt. No. 19-1, it is unclear to the Court what purpose these objections serve at this point in the litigation. Further, the Local Rules direct parties to include evidentiary or procedural objections to an opposition within their reply brief or memorandum, rather than in a separate document. *See* Civil L.R. 7-3(c). Accordingly, the Court disregards the objections.

requirements because of the CBA. For example, to determine whether Plaintiffs' meal period claims are exempted from the statutory meal period requirements, the California Labor Code requires the Court to consider the extent of the CBA's meal period provisions. *See* Cal. Lab. Code § 512(e).[2] Similarly, with regard to Plaintiffs' overtime claims under California Labor Code §510, the Court will need to consider whether the CBA's overtime provisions exempt Plaintiffs' claims under California Labor Code § 514.[3]

Defendant argues that the relevant provisions of the CBA provide for the wages, hours of work, working conditions of employees, and expressly provide for meal periods for those employees[4] and for premium overtime wages and wages of at least 30 percent more than the state

---

[2] Cal. Lab. Code § 512(e) provides:

> Subdivisions (a) and (b) do not apply to an employee specified in subdivision (f) if both of the following conditions are satisfied:
>
> (1) The employee is covered by a valid collective bargaining agreement.
>
> (2) The valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate.

[3] Cal. Lab. Code § 514 provides:

> Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

[4] The meal break provision of the CBA provides:

> B-1 - If workmen are required to work continuously for more than four and one-half (4½) hours or five (5) hours when the normal starting time is established before 8:00 a.m. without an opportunity for lunch during the period of a normal shift, they shall receive overtime pay for work after the four and one-half (4 ½) hours, (or five (5) hours) until opportunity to take time for lunch is afforded and shall thereafter be allowed a reasonable opportunity to eat lunch on

4

minimum wage.⁵  Opp. at 8.  It does not appear that Plaintiffs dispute this position, which is well supported by the excerpts of the CBA provided by Defendant.

Instead, Plaintiffs' Reply focuses on the "final and binding arbitration of disputes" requirement of § 512(e) and a similar requirement in Cal. Lab. Code § 226.7, which addresses rest periods.  Reply at 4-6.  Plaintiffs argue that the CBA's grievance procedure is insufficient to establish that the CBA requires final and binding arbitration of disputes.  *Id.*  Plaintiffs' argument is self-defeating, since they are asking the Court to consider the CBA's detailed grievance procedure and find that, as a matter of law, the procedure does not provide for final and binding arbitration of disputes.  In other words, to adjudicate Plaintiffs' argument, the Court will necessarily have to interpret the scope and validity of the CBA's grievance procedure provisions.  The necessity of such an analysis satisfies the preemption test's standard of "an active dispute over 'the meaning of contract terms.'"  *See Curtis*, 913 F.3d at 1153.  It may be that Plaintiffs will prove to be correct in their arguments about the applicability of the CBA's grievance procedure and the operation of the statutory exemptions, but the Court clearly cannot conduct that analysis without resolving "questions about the scope, meaning, or application of the CBA."  *Id.* ("[A] state law claim may avoid preemption if it does not raise questions about the scope, meaning, or application of the CBA.").  Accordingly, the Court finds that the second prong of the § 301

---

> the individual employer's time. (Example: 6:00 a.m. starting time - 5 hours; 7:00 a.m. starting time – 5 hours; 8:00 a.m. starting time - 4 ½ hours.)

Dkt. No. 18-1 at ECF 8-9.

⁵ Sections 6 and 7 of the CBA contain numerous provisions on wages including the following provision on overtime:

> Overtime - Time and one-half shall be paid for the first two (2) hours worked in excess of eight (8) hours on any regular work day Monday through Friday. Time and one half shall be paid for the first eight (8) hours worked on Saturday and double time shall be paid for all hours worked in excess of eight (8) hours. All other overtime worked, including Sundays and holidays, shall be paid at the double time rate. Overtime pay shall be computed by not less than half-hour increments. No work shall be performed on Labor Day except to save life and property.

Dkt. No. 18-1 at ECF 16.

1  preemption test is satisfied with respect to Plaintiffs' overtime, meal period, and rest period
2  claims.
3        Plaintiffs' remaining claims under California law arise from the same working conditions
4  and relationship with Defendant during the same period as Plaintiffs' overtime, meal period, and
5  rest period claims. *See* Dkt. No. 1 at ECF 22-33. Therefore, the Court finds that the claims derive
6  from a "common nucleus of operative fact" and asserts supplemental jurisdiction over the
7  remaining claims. *Kuba v. 1-A Agr. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004) ("Nonfederal claims
8  are part of the same 'case' as federal claims when they derive from a common nucleus of
9  operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial
10 proceeding." (citation and quotations omitted)).

### III. CONCLUSION

Plaintiffs' motion to remand is **DENIED**. The Court **SETS** a telephonic case management conference for June 22, 2021 at 2:00 p.m. with a joint case management statement due on June 18, 2021.

This proceeding will be held by AT&T Conference Line. The court circulates the following conference number to allow the equivalent of a public hearing by telephone.

For conference line information, see: https://apps.cand.uscourts.gov/telhrg/

All counsel, members of the public and press please use the following dial-in information below to access the conference line:

Dial In: 888-808-6929

Access Code: 6064255

The Court may be in session with proceedings in progress when you connect to the conference line. Therefore, mute your phone if possible and wait for the Court to address you before speaking on the line. For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines. The parties are further advised to ensure that the Court can hear and understand them clearly before speaking at length.

PLEASE NOTE: Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court

proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. See General Order 58 at Paragraph III.

**IT IS SO ORDERED.**

Dated: 6/15/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge